his former home, he does not lose his residence there. The establishment of a permanent home in one locality, and an intention to vote in another locality, does not make a man a resident of the latter place. His right to vote follows his actual residence, unless the actual residence is merely for a temporary purpose. The intent to permanently live in one place is entirely inconsistent with the right to vote in another place.

It is evident that Donohue is living at the cemetery temporarily, retaining his former residence with an honest intent to return there. That is his home; the house at the cemetery is a temporary place of sojourn, depending upon the continuance of his job. I think he was properly registered, and the order in his case properly made.

The Connors have permanent residences elsewhere, and live with their families elsewhere. There is nothing to indicate that they ever intend to return to the saloon and make it their home. They do not pretend to have any such intention. They are seeking to maintain the right to vote in the district where the saloon is purely by an operation of the mind, evidently considering it better for the interest of the saloon that they should vote there than elsewhere. They were improperly registered. The order as to them should be reversed.

---

(95 Misc. Rep. 179)

### A. CAMPAGNA CONST. CO. v. WOODS.

(Supreme Court, Appellate Term, First Department. May 26, 1916.)

LANDLORD AND TENANT &233(3)—RENT—ACTION—TRIAL—SUBMISSION TO JURY AS DETERMINED BY EVIDENCE.

Under a lease providing for extension from September, unless notice were given in June, in a suit for the following October rent, the evidence failing to establish defense of waiver by the landlord of notice, and there being no issue of fact to be submitted to the jury, it was error not to direct in favor of plaintiff.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 942; Dec. Dig. &233(3).]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the A. Campagna Construction Company against Albert H. Woods. From a judgment of the Municipal Court for defendant, and from an order denying motion to set aside the verdict and for a new trial, plaintiff appeals. Reversed, and judgment directed for plaintiff.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Davis, Symmes & Schreiber, of New York City (William B. Symmes, Jr., and Robert C. Ryder, both of New York City, of counsel), for appellant.

House, Grossman & Vorhaus, of New York City (Charles Goldzier, of New York City, of counsel), for respondent.

GUY, J. Plaintiff appeals from a judgment entered in favor of defendant upon the verdict of a jury as to plaintiff's second cause of

action, and from an order denying plaintiff's motion for a new trial.

The complaint alleged two causes of action. A judgment in favor of the plaintiff on the pleadings was directed as to plaintiff's first cause of action. The second cause of action, upon which a verdict was rendered in favor of the defendant, was for rent ($150) of premises belonging to plaintiff and occupied by the defendant for the month of October, 1915, under the same written lease as was alleged in connection with the first cause of action. The primary lease between the parties was from January 1, 1914, to September 30, 1915, and contained a provision:

"That the letting and hiring shall be extended and renewed for the further term of two years from September 30, 1915, *unless either the landlord or tenant shall on or before the 1st day of June, 1915, give notice in writing to the other of an intention to surrender the premises or have possession of the premises on the 30th day of September, 1915.*"

No written notice of intention to surrender or have possession on September 30, 1915, was given by either the landlord or tenant prior to June 1, 1915. The evidence establishes that prior to June 1, 1915, negotiations were entered into between plaintiff and defendant as to a renewal of the lease on terms different from the original lease, but such negotiations did not result in any meeting of the minds of the parties. Defendant's wife testified that during such negotiations one of plaintiff's officers told her that her husband need not give any notice of his intention not to renew, and that she reported this fact to her husband; and it was contended on the trial, and is contended on this appeal, that such statement to defendant's wife constituted a waiver of the terms of the original written lease, a document under seal. The evidence of defendant's wife and of the defendant himself is entirely indefinite as to the time when such alleged statement by an officer of the plaintiff to defendant's wife was communicated to defendant, and there is no evidence whatever that defendant relied on such statement. There is also an explicit denial by said officer of the plaintiff corporation that he made such a statement to defendant's wife, and defendant in a letter written to plaintiff on July 24, 1915, nearly two months after the date when under the terms of the original written lease there would, in the absence of notice by either party, be an automatic renewal of the lease for two years, defendant stated:

"I had expected to receive leases for my apartment next year, but learned from your office this day that the one I have renews itself automatically."

It is clear, from this written statement of the defendant, that there was no meeting of the minds of the parties as to the making of a different lease, and that defendant understood, nearly two months after June 1, 1915, that the lease was automatically renewed for two years on the same terms as the original lease. The defense of waiver was therefore not established, and there was no issue of fact to be submitted to the jury, and the learned trial court erred in denying plaintiff's motion for a direction in favor of the plaintiff.

The judgment on plaintiff's second cause of action must therefore be reversed, and judgment directed in favor of plaintiff for the full amount, with $30 costs of appeal and costs in the court below. All concur.